SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:23-cr-00292-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JACQUINETTA SUZETTE LEON,** | |
| **Defendant.** | |

**Introduction**

The defendant has a substantial criminal history and was apprehended participating in a transaction involving ten pounds of methamphetamine. Although she made commendable efforts to lead a lawful life while on pretrial release, she ultimately relapsed, was untruthful, and returned to custody. Weighing her minor role against the seriousness of the offense and her significant criminal background, the government recommends a sentence of 84 months, followed by five years of supervised release.

**Government's Sentencing Memorandum**                                    **Page 1**

**Factual Background**

In early 2023, the DEA initiated an investigation into a drug trafficking organization (DTO) responsible for transporting methamphetamine, heroin, cocaine, and fentanyl from Mexico to Oregon. As part of this investigation, agents obtained and executed multiple court-authorized wiretaps on several cellphones. The initial target was a Mexico-based dispatcher overseeing a dispatch-style DTO. Through intercepted communications involving this dispatcher, investigators identified the defendant as an involved participant.

On June 14, 2023, investigators interdicted a planned delivery of ten pounds of methamphetamine destined for a codefendant. Following the seizure, agents intercepted conversations between the defendant and the Mexican dispatcher in which they discussed the interdiction. The dispatcher blamed the codefendant for the loss, while the defendant blamed the courier.

Despite the setback, within days the defendant began negotiating another ten-pound methamphetamine transaction at a price of $1,200 per pound. PSR ¶ 21. DEA agents intercepted numerous communications between the dispatcher and the defendant arranging the details of this deal. PSR ¶¶ 21–23.

Agents surveilled the planned meeting location near SE Yamhill Street in Portland, Oregon, and observed the defendant arrive. Shortly thereafter, a known courier for the dispatcher arrived. The defendant entered the courier's vehicle briefly before returning to her own. Agents then approached and conducted a stop of the defendant's vehicle. A subsequent search revealed approximately ten pounds of methamphetamine. The defendant was released at the scene as the broader investigation continued.

**Government's Sentencing Memorandum**                                    **Page 2**



**The Charges and Plea Agreement**

On September 5, 2024, Defendant pled guilty to Count 1 of a 16-count Superseding Indictment. PSR ¶ 1. Count 1 charges that beginning on a date unknown and continuing until on or about August 13, 2023, Defendant Jacquinetta Suzette Leon AKA "Suzy" and codefendants Erminio Ramirez Pena AKA UM-2024 AKA "David," Uriel Ruiz-Perez, Jose Quevedo Guillen, Alan Niels Beker, Derek James Rousseu, Herschel Vernon Durham, UM-6860 AKA "Kelly," Rickie Allen Colvin, Armando Guadalupe Pina Ruelas AKA "Fortuna," Jose De Jesus Castaneda, Camellia Meters-Triss, Peter James Mirras, and other unnamed conspirators, did knowingly and intentionally combine, conspire, confederate, and agree with each other to distribute methamphetamine. PSR ¶ 1.

At the time of sentencing the government will dismiss Count 7 which charges Defendant, as well as Erminio Ramirez Pena and a codefendant whose case remains sealed, with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

**Government's Sentencing Memorandum**                                                    **Page 3**

(b)(1)(A)(viii) and 18 U.S.C. § 2. PSR ¶ 3. The defendant is not named in the remaining counts. *Id.*

**Guideline Computations**

The defendant's relevant conduct pursuant to USSG § 2D1.1 is a base offense level of 36. PSR ¶ 32. The defendant qualifies for a mitigating role reduction pursuant to USSG § 3B1.2 and pursuant to USSG § 2D1.1(a)(5)(A) and (B)(iii), therefore the base offense level drops to 31. *Id.* The government and the defendant agree to a two-level downward adjustment for being a minor participant pursuant to USSG § 3B1.2(b). PSR ¶ 35. The government will recommend a three-level reduction under USSG § 3E1.1 for the defendant's clear demonstration of acceptance of responsibility and timely notification of the defendant's intention to enter a plea of guilty. PSR ¶¶ 39-40.

The government previously agreed to recommend a two-level reduction under 18 U.S.C. § 3553(a) based on the defendant's early resolution of the case, her completion of substance-abuse treatment, and other mitigation presented by the defense. PSR ¶ 12. That recommendation, however, was expressly contingent on the defendant complying with all conditions of pretrial release. Id.

Although the defendant initially performed well, she ultimately relapsed and, compounding the violation, lied to her pretrial services officer about the relapse. PSR ¶¶ 18–20. A warrant was issued, she admitted the violation, and she has remained in custody since then. Because she violated the terms of her pretrial release, the government is no longer recommending the two-level reduction. Instead, the government only recommends a one-level reduction for resolving the case relatively early and not litigating any issues.

**Government's Sentencing Memorandum**                                **Page 4**

| Count 1: 21 U.S.C. § 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances | | |
|---|---|---|
| USSG § 2D1.1 | Base Offense Level | 34[1] |
| USSG §§ 3B1.2, 2D1.1(a)(5)(A) and (B)(iii) | Mitigating Role | 31 |
| USSG § 3B1.2(b) | Minor Role | -2 |
| USSG § 3E1.1(a), (b) | Acceptance of Responsibility | -3 |
| 18 U.S.C. § 3553(a) | | -1 |
| | **Adjusted Offense Level** | 25 |

PSR ¶¶ 32-40.

### Criminal History

| Crime | Conviction Date | Jurisdiction | Sentence |
|---|---|---|---|
| Unauthorized Use of a Vehicle (felony) | 08/22/2001 | Multnomah County Circuit Court | Probation |
| Theft II (misd.); Felon in Possession of a Restricted Weapon (misd.) | 12/04/2007 | Multnomah County Circuit Court | Probation |
| Fleeing or Attempting to Elude a Police Officer (felony) | 06/24/2008 | Multnomah County Circuit Court | Probation |
| Identity Theft (felony); Possession of Methamphetamine (felony) | 12/01/2008 | Multnomah County Circuit Court | 410 Days Prison |
| Giving False Info for Issuance/Service of Citation/Warrant (misd.) | 09/07/2010 | Multnomah County Circuit Court | 30 Days Jail |
| Unlawful Delivery of Methamphetamine | 05/07/2014 | Washington County Circuit Court | 21 Months Prison |
| Identity Theft (felony); Possession of Methamphetamine (felony) | 04/21/2017 | Multnomah County Circuit Court | Probation |

/ / / /

/ / / /

---

[1] The PSR calculates the base offense level by using actual methamphetamine. All the defendants in this case were sentenced under methamphetamine mixture (not actual methamphetamine) and the government believes the analysis should be a mixture to this defendant as well.

**Government's Sentencing Memorandum**                                    **Page 5**

| Possession of Methamphetamine (felony); Giving False Info for Issuance/Service of Citation/Warrant (misd.) | 03/14/2018 | Clackamas County Circuit Court | Probation – Revoked and 17 months imprisonment |
|---|---|---|---|
| Possession of a Controlled Substance (felony) | 08/06/2021 | 3rd District Court Caldwell, ID | 6 Months Jail |

PSR ¶¶ 44-52.

The criminal convictions above result in a subtotal criminal history score of 12. PSR ¶ 53. Because the defendant committed the instant offense while under a criminal justice sentence, one additional point is added pursuant to USSG §4A1.1(e). PSR ¶ 54. A criminal history score of 13 establishes a criminal history category of VI. PSR ¶ 55.

**Government's Recommended Sentence**

The government's sentencing recommendation is not an easy one. On one hand, the defendant's significant criminal history and involvement in the purchase of ten pounds of methamphetamine are serious aggravating factors. On the other hand, the defendant played a minor role in the offense and initially performed well on supervision for the first time in her life. Her early success was even highlighted in a December 8, 2024 Oregonian article about her work with Criminals Anonymous, where she had become a group leader and appeared to have found structure and accountability that could support a law-abiding life.[2] She acknowledged the harm she had caused through her criminal conduct and spoke openly about the satisfaction she felt in staying clean and reconnecting with her children and grandchild.

---

[2] https://www.oregonlive.com/crime/2024/12/addicted-to-fast-money-high-life-the-thrill-of-breaking-the-law-criminals-anonymous-is-here-to-help.html

In that article, however, the defendant offered a statement that proved prescient: "They come in broken, their life's a mess. We all know that reality. You realize how quickly your life can look like that again." Unfortunately, her life did, in fact, return quickly to drug use, deception, and ultimately custody.

The defendant's trajectory reflects a familiar and troubling pattern—how swiftly someone with a long criminal history, even when seemingly on the right path, can relapse into criminal behavior. She stated, "Whatever is going to happen is going to happen. I've got to pay for it…And I'm going to get out and still be on the right path. I don't want to do it again." The government believes the defendant was sincere in expressing hope for her future. But her relapse while on release underscores the difficulty and seriousness of the path ahead.

The advisory guideline range is 84-months to 105-months, factoring in the recommended departures. USSG § §2K2.4. While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

**Government's Sentencing Memorandum**                                    **Page 7**

Under the facts of this case, 84-month sentence, coupled with a five-year term of supervised release, and a $100 special assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 84 months, followed by a 5 year term of supervised release.

Dated: July 1, 2026                                  Respectfully submitted,

                                                     SCOTT E. BRADFORD
                                                     United States Attorney

                                                     _/s/ Lewis S. Burkhart_
                                                     LEWIS S. BURKHART, OSB #082781
                                                     Assistant United States Attorney